## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
----------------------------------------------------------x
                                            :
MATTHEW SCHRIER,                            :
        4500 Banyan Trails Drive            :
        Coconut Creek, Florida 33073,       :        Case No. 1:21-cv-01163
                                            :
                        Plaintiff,          :
                                            :
v.                                          :
                                            :
U.S. DEPARTMENT OF THE TREASURY,            :
        1500 Pennsylvania Avenue, NW        :
        Washington, DC 20220,               :
                                            :
                        Defendant.          :
                                            :
----------------------------------------------------------x
```

## COMPLAINT

Plaintiff Matthew Schrier, by his undersigned counsel of Wiggin and Dana LLP, alleges upon knowledge with respect to himself and his own actions, and upon information and belief as to all other matters, as and for his Complaint, against Defendant the United States Department of the Treasury ("Treasury Department"), as follows:

## PARTIES

1.      Plaintiff Mr. Schrier is an American citizen and plaintiff in *Schrier v. Qatar Islamic Bank,* No. 20-cv-60075-RKA (S.D. Fla. filed Jan. 13, 2020) (the "Florida Litigation").

2.      In support of that litigation, Mr. Schrier filed Freedom of Information Act ("FOIA") requests with the Treasury Department pursuant to 5 U.S.C. § 552, which are now at issue.

1

3. Defendant, the Treasury Department, is an agency of the federal government within the meaning of Section 552(f)(1). The Treasury Department is believed to have possession, custody, and control of records responsive to Mr. Schrier's requests.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1346(a)(2), and 2201-02, as this is a civil action arising under a federal law, in which the United States is the defendant, in which a declaratory judgment and other relief is sought. Venue in this district is proper pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), as the sought-after records are maintained in this district and Defendant is an agency of the United States.

## FACTUAL ALLEGATIONS

5. In his pending action in the Southern District of Florida, Plaintiff Mr. Schrier alleges that while reporting as a photojournalist on the Syrian Civil War, he was kidnapped, imprisoned, and tortured by terrorist groups in Syria. Mr. Schrier alleges that these groups received financial services and support, directly and indirectly, from Qatar Islamic Bank. Through the Florida Litigation, Plaintiff seeks to hold that bank accountable for its illegal misconduct in violation of the Anti-Terrorism Act, 18 U.S.C. §§ 2333(a) and (d), and State law. *See* Florida Litigation, Dkt. 76 ("Florida Complaint") ¶ 1-15.

**Defendant has records pertinent to Plaintiff's claims**

6. The Treasury Department clearly possesses records relevant to Mr. Schrier's claims. Specifically, it is a matter of public record that Saad bin Saad al-Kabi, named by the Treasury Department as a Specially Designated Global Terrorist pursuant to Executive Order 13224[1] in part for his role in facilitating ransom payments to the Nusra Front which kidnapped

---

[1] *Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism* (Sep. 23, 2001).

Mr. Schrier, extensively publicized his use of a Qatar Islamic Bank account (200072076) to provide material support for terrorism.  Similarly, Qatar Islamic Bank supervisory board member Yusuf al-Qaradawi contemporaneously chaired the Union of Good, an organization also designated by the Treasury Department as a sponsor of terrorism. Such records as the Treasury Department possesses about QIB and its employees, customers, and transactions are directly relevant to Mr. Schrier's pending Anti-Terrorism Act claims.

**Plaintiff submitted FOIA requests for Defendant's records**

7.      Mr. Schrier therefore submitted two appropriately addressed FOIA requests to the Treasury Department's Office of Foreign Asset Controls ("OFAC") on October 31, 2019, through certified mail. Both requests reasonably described the records requested as required by 31 C.F.R. § 1.2(b), in hopes of minimizing any burden on OFAC and streamlining the production of responsive documents.

8.      On October 31st, Mr. Schrier sought OFAC documents related to himself, Qatar Islamic Bank and four other banks, any bank account numbered 200072076, the Madid "charitable" fundraising campaign, or suspected terror finance by other Qatari entities. On October 31st, he also sought any OFAC documents responsive to a Boolean search of the phrase "Qatar Islamic Bank" or acronyms "QIB" or "QISBQAQA" and fifty-eight other entities, again just from January 1, 2012 through December 31, 2014 between State headquarters and our embassies in Baghdad, Amman, Beirut, Doha, and Ankara.

9.      The Treasury Department received Mr. Schrier's November 1st requests on November 6, 2019. On January 23, 2020, the OFAC's FOIA office acknowledged receipt via electronic mail and labeled the requests, 2019-11-075 and 2019-11-076. In both cases, OFAC

asserted that it "will not be able to respond within the 20 days provided by the statute." Neither missive identified any defects in Mr. Schrier's requests. Nor did either email request additional information. Accordingly, the requests triggered the Treasury Department's obligation to respond under the statute and its own regulations. *See* 31 C.F.R. §§ 1.3-1.4.  Mr. Schrier has not received any additional, substantive information from OFAC.

### Defendant Failed to Make Determinations within FOIA's Time Limits

10.     By November 1, 2019, Mr. Schrier had properly submitted both initial requests with all required information.  Both of his initial requests were received no later than November 6, 2019.

11.     OFAC's boilerplate assertion of unusual circumstances is conclusory and does not justify such an extension. Even assuming *arguendo* that it served as justification, that would have made OFAC's determination due to Mr. Schrier no later than December 20, 2019. *See 5 U.S.C. §§* 552(a)(6)(A)(i), (a)(6)(B)(i); *see also* 31 C.F.R. § 1.4(c).

12.     As of the date of this Complaint, OFAC has neither produced any documents nor made determinations on any of Mr. Schrier's pending requests. Plaintiff has no idea when the Treasury Department intends to respond substantively to his pending requests.

### Plaintiff Constructively Exhausted Administrative Remedies

13.     OFAC's failure to comply with FOIA's deadline for making a determination constructively exhausts Mr. Schrier's administrative remedies. OFAC's failure further authorizes him to bring suit in this district to compel prompt production and enjoin continued wrongful withholding of records responsive to his requests. *See* 5 U.S.C. § 552(a)(6)(C)(i).

14.     The records requested by Mr. Schrier are of broader public significance beyond his litigation. National and international media continue to report on his important allegations

regarding terror finance. Production of the requested records would thus not only serve Mr. Schrier's interests, but the public interest as well.

## CAUSES OF ACTION

### Count I: Failure to Comply with FOIA

15.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

16.     Mr. Schrier properly made requests for records within the possession, custody, and control of the Treasury Department, an agency subject to FOIA.

17.     The Treasury Department is required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA requests.

18.     The time limit under 5 U.S.C. § 552(a)(6) for the Treasury Department to conduct such a search and to make a determination as to each of Mr. Schrier's two initial requests expired.

19.     OFAC wrongfully failed to communicate to Plaintiff a determination as to his requests.

20.     Pursuant to 5 U.S.C. § 552(a)(3)(A), the Treasury Department is required to promptly produce all responsive records subject to disclosure under FOIA.

21.     OFAC wrongfully failed to make such a production for Mr. Schrier's requests.

22.     Plaintiff has exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

23.     The Court should therefore order the Treasury Department to promptly produce all responsive records, subject to withholdings agreed to by the parties or approved by the Court.

24.     To facilitate determination of the validity of any withholdings based on FOIA exemptions the Treasury Department might ultimately assert, Mr. Schrier seeks an order compelling the Department to produce indexes justifying redactions to or the withholding of responsive records.

## Count II: Declaration Precluding Assessment of Fees

25.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

26.     The Treasury Department failed to comply with time limits under 5 U.S.C. § 552(a)(6).

27.     OFAC provided written notice to Mr. Schrier of purported unusual circumstances but failed to comply with the even extended time limit for making a determination.

28.     The Treasury Department has not attempted to discuss with Plaintiff how or whether he could limit the scope of any of his FOIA requests.

29.     No court has determined that exceptional circumstances exist in this case. Accordingly, Mr. Schrier is entitled to a declaration that OFAC may not assess any search fees associated with any of his FOIA requests, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A.     Order the Treasury Department to promptly conduct a reasonable search for all records responsive to Mr. Schrier's initial FOIA requests, to the extent such a search has not already been conducted, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

B.      Order OFAC to produce within twenty days or such other time as the Court deems proper all records responsive to Plaintiff's FOIA requests that are subject to disclosure, as agreed to by the parties or determined by the Court, and indexes justifying any withholdings or redactions;

C.      Declare that the Department failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees therefore may not be assessed under 5 U.S.C. § 552(a)(4)(A)(viii) with respect to any of Mr. Schrier's FOIA requests;

D.      Award Plaintiff attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.      Grant Mr. Schrier any other relief the Court deems just and proper.


Dated: April 28, 2021

                                        Respectfully submitted,

                        By:     /s/ *Kevin T. Carroll*
                                        Kevin T. Carroll (DC: 4075339)
                                        Wiggin and Dana LLP
                                        800 17th Street, NW, Suite 520
                                        Washington, DC 20006
                                        kcarroll@wiggin.com
                                        Phone: 202-800-2475
                                        Facsimile: 212-551-2888