UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW SCHRIER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF THE TREASURY, )<br>)<br>Defendant. )<br>) | Civil Action No. 21-1163 (CJN) |

**JOINT STATUS REPORT**

Pursuant to the Court's October 18, 2021 Minute Order, Plaintiff Matthew Schrier and Defendant U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC" or "Agency") respectfully report that the Agency continues its efforts to respond to the two Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), requests identified in the Complaint. Mr. Schrier, a photojournalist pursuing litigation in Florida against Qatar Islamic Bank in connection with injuries allegedly inflicted on him by terrorist groups in Syria, made two FOIA requests to OFAC for records relating to himself, Qatar Islamic Bank and four other banks, a certain bank account identified by number, a certain fundraising campaign identified by name, and fifty-eight other entities. *See* Complaint ¶¶ 7-8. The time period for both requests is for records created from January 1, 2012 to December 31, 2014. *See id.* ¶ 8. The information requested by the Court is set forth below.

1. **Status of FOIA Requests and Anticipated Number of Responsive Records**

OFAC completed its initial search for unclassified records responsive to Plaintiff's two FOIA requests on or shortly before May 28, 2021, and completed its entire search, including for

classified records, on October 13, 2021. Defendant has located approximately 277,365 unclassified pages and 240 pages of classified, potentially responsive material.

2. **Anticipated Release Schedule and Likelihood of *Open America*[1] Stay Request**

OFAC has begun reviewing and processing these materials, and OFAC currently anticipates making a first release of responsive, unclassified records by December 15, 2021. Thereafter, OFAC plans to continue making monthly releases of responsive records until all such records have been reviewed and all releasable material provided to Plaintiff consistent with agency regulations. Defendant does not currently anticipate filing any motion for an *Open America* stay.

3. **Possibility of Prioritizing Certain Records or Narrowing the Request**

Since Defendant filed the answer, counsel for the Parties have had a productive initial discussion concerning prioritizing the Agency's review of certain records described generally by Plaintiff's counsel. Counsel for Defendant is now working with the Agency to determine whether and how the Agency can locate the type of records Plaintiff has identified within the large collection of records assembled to date as a possible means of narrowing the scope of the requests. In the next few weeks, counsel for the Parties will continue to confer and engage actively in a reasonable effort to focus the resources of the Agency on reviewing the information Plaintiff has identified as of greatest interest.

4. **The Need for Summary Judgment Briefing and Proposed Schedule**

The Parties agree that they do not anticipate the need for summary judgment briefs in this case at this time. The Parties hope to resolve the case without any summary judgment briefing. If they are unable to resolve an issue requiring resolution by the Court, the Parties will identify the issue(s) and propose a schedule in a future Joint Status Report. The Parties agree to defer briefing

---

[1]  *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).

until after the Agency's final response to the FOIA requests has been made and Plaintiff has a reasonable opportunity to review it and confer with Defendant's counsel.

5.  **Additional Information on Future Proceedings**

The Parties jointly propose that they will file another joint status report on January 11, 2022, and every 60 days thereafter until OFAC's production is complete in order to update the Court on the progress of the production and any other relevant matters.  Counsel for the parties do not believe that the Court needs to schedule any other proceedings at this time.

Dated:  November 3, 2021

Respectfully submitted,

| | |
|---|---|
| /s/ *Kevin T. Carroll* <br> KEVIN T. CARROLL <br> (D.C. Bar No. 4075339) <br> Wiggin & Dana LLP <br> 800 17th Street, N.W. <br> Suite 520 <br> Washington, D.C., 20006 <br> Phone: (202) 800-2475 <br> kcarroll@wiggin.com <br><br> *Counsel for Plaintiff* | CHANNING D. PHILLIPS, DC Bar #415793 <br> Acting United States Attorney <br><br> BRIAN P. HUDAK <br> Acting Chief, Civil Division <br><br> By:  /s/ *Jane M. Lyons* <br> JANE M. LYONS, DC Bar #451737 <br> Assistant United States Attorney <br> 555 4th Street, N.W. – Room E4816 <br> Washington, D.C., 20530 <br> (202) 252-2540 <br> jane.lyons@usdoj.gov <br><br> *Counsel for Defendant* |